IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Smokeware.net, LLC<br><br>　　　Plaintiff,<br><br>v.<br><br>Premier Specialty Brands, LLC,<br><br>　　　Defendant. | Civil Action No. 1:19-cv-05058-JPB |

## ANSWER TO COMPLAINT

Defendant Premier Specialty Brands, LLC ("Premier") answers the Complaint of Plaintiff Smokeware.net, LLC as follows:

## FIRST DEFENSE

Premier does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), literally, or under the doctrine of equivalents, any valid, enforceable claim of U.S. Patent No. 9,615,693 (the "'693 patent").

## SECOND DEFENSE

Each asserted claim of the '693 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including

1

without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD DEFENSE

Plaintiff is estopped from construing any valid claim of the '693 Patent to cover or include any of Premier's products because of the statements made to the United States Patent & Trademark Office during the prosecution of the application which led to the issuance of the '693 Patent.

### FOURTH DEFENSE

Plaintiff's attempted enforcement of the '693 Patent against Premier is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

### FIFTH DEFENSE

To the extent Plaintiff failed to comply with the notice provisions of 35 U.S.C. § 287, Plaintiff may not recover damages for alleged infringement committed prior to the filing of its Complaint.

### SIXTH DEFENSE

Plaintiff cannot prove this is an exceptional case justifying an award of attorneys' fees against Premier pursuant to 35 U.S.C. § 285.

18382570v1 26166-0015

## SEVENTH DEFENSE

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, Plaintiff has an adequate remedy at law, and/or public policy concerns weigh against injunctive relief.

## EIGHTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## NINTH DEFENSE

In response to the enumerated allegations of the Complaint, Premier states as follows:

## NATURE AND BASIS OF ACTION[1]

1.   Premier admits that the Complaint purports to set forth a claim for patent infringement. Premier denies the remaining allegations of Paragraph 1 and specifically denies it has infringed any patent or that Smokeware is entitled to any relief.

## THE PARTIES

2.   Premier lacks sufficient information to either admit or deny the allegations of Paragraph 2 and therefore denies them.

---

[1] Premier incorporates Smokeware's section headings for convenience only and does not endorse or accept the content of the headings. Any substantive claims contained in headings are expressly denied.

- 3 -

3. Premier admits the allegations of Paragraph 3.

## JURISDICTION AND VENUE

4. Premier does not contest the Court's subject matter jurisdiction over this action.

5. Premier does not contest this Court's personal jurisdiction over it. Premier denies the remaining allegations of Paragraph 5.

6. Premier does not contest venue in this District but denies that it has committed infringement or any other harm to Smokeware in this District or elsewhere.

## SMOKEWARE'S INNOVATIVE VENTED CHIMNEY CAP

7. Premier lacks sufficient information to either admit or deny the allegations of Paragraph 7 and therefore denies them.

8. Premier lacks sufficient information to either admit or deny the allegations of Paragraph 8 and therefore denies them.

9. Premier lacks sufficient information to either admit or deny the allegations of Paragraph 9 and therefore denies them.

10. Premier lacks sufficient information to either admit or deny the allegations of Paragraph 10, including the veracity of the depicted photos, and therefore denies them.

- 4 -

11. Premier lacks sufficient information to either admit or deny the allegations of Paragraph 11, and therefore denies them.

12. Premier lacks sufficient information to either admit or deny the allegations of Paragraph 12, including the veracity of the depicted photos, and therefore denies them.

13. Premier admits that Matthew H. Merritt is listed as the inventor of the '693 Patent. Premier lacks sufficient information to either admit or deny the remaining allegations of Paragraph 13 and therefore denies them.

14. Premier admits that the '693 Patent is entitled "Vented Chimney Cap System and Method Thereof" and that it was filed on May 19, 2015 and issued on April 11, 2017. Premier admits that what purports to be a copy of the '693 Patent is attached to the Complaint as Exhibit A. Premier denies any allegations of Paragraph 14 inconsistent with this response.

15. Premier admits that Smokeware.net LLC is the listed assignee on the '693 Patent. The remaining allegations of Paragraph 15 state a legal conclusion. To the extent they require a response, Premier denies them.

**DEFENDANT'S INFRINGING AND UNLAWFUL CONDUCT**

16. Premier admits that it was founded in or around 2009 in the Atlanta, Georgia area by Bobby Brennan and Kerry Coker.

17. Premier admits the allegations of Paragraph 17.

18. Premier admits the allegations of Paragraph 18.

19. Premier admits that it has sold some of its products with a daisy wheel style chimney cap, including the Kamado Joe® Classic and Big Joe models. Premier denies any allegations of Paragraph 19 inconsistent with this response.

20. Premier admits that Bobby Brennan had a business meeting with Richard Newton of The Merritt and Newton Group, LLC in 2013. Premier denies the remaining allegations of Paragraph 20 as stated.

21. Premier denies that the referenced email is attached as Exhibit B. The email attached as Exhibit C speaks for itself. Premier admits that Mr. Newton provided Mr. Brennan with a sample chimney cap during a 2013 meeting. Premier denies the allegations of Paragraph 21 to the extent they are inconsistent with or characterize the content of Exhibit C or are otherwise not herein admitted.

22. Premier admits that Mr. Newton and Mr. Brennan discussed patent protection for the chimney cap and Mr. Newton mentioned pending patent applications in his capacity as representative of The Merritt and Newton Group, LLC. Premier denies the remaining allegations of Paragraph 22, as stated.

23. Premier admits that it has not entered into a business relationship with Smokeware and that after 2013 certain of its grills have incorporated a daisy wheel style chimney cap. Premier denies the remaining allegations of Paragraph 23.

24. Premier admits that it released its Kontrol Tower chimney cap in 2017.

25. Premier admits that its Kontrol Tower chimney cap prevents water entry, maintains precise airflow for consistent temperatures, and does not lose its setting when the grill lid is lifted, among other features. Premier denies the remaining allegations of Paragraph 25 as stated, except to state that Premier lacks sufficient information to either admit or deny the veracity of the depicted photograph.

26. Premier admits the allegations of Paragraph 26, except to state that the Kontrol Tower is not a replacement part for older model Kamado Joe® Joe Jr. grills.

27. Premier denies the allegations of Paragraph 27.

28. Premier denies the allegations of Paragraph 28.

29. Premier denies the allegations of Paragraph 29.

30. Premier denies the allegations of Paragraph 30.

## COUNT I
## Direct Infringement of the '693 Patent, 35 U.S.C. § 271(a)

31. Premier incorporates by reference its responses to the allegations of Paragraphs 1-30.

32. Premier denies the allegations of Paragraph 32.

18382570v1 26166-0015

33. Premier admits that a claim chart is attached as Exhibit B but denies the allegations of the claim chart and denies that it shows Premier infringes the '693 Patent.

34. Premier denies the allegations of Paragraph 34.

35. Premier denies the allegations of Paragraph 35.

36. Premier denies the allegations of Paragraph 36.

37. Premier denies the allegations of Paragraph 37.

## COUNT II
## Induced Infringement of the '693 Patent, 35 U.S.C. § 271(b)

38. Premier incorporates by reference its responses to the allegations of Paragraphs 1-37.

39. Premier admits the allegations of Paragraph 39.

40. Premier denies the allegations of Paragraph 40.

41. Premier denies the allegations of Paragraph 41.

42. Premier denies the allegations of Paragraph 42.

43. Premier denies the allegations of Paragraph 43.

44. Premier denies the allegations of Paragraph 44.

45. Premier denies the allegations of Paragraph 45.

46. Premier denies the allegations of Paragraph 46.

## COUNT III
## Contributory Infringement of the '693 Patent, 35 U.S.C. § 271(c)

47.     Premier incorporates by reference its responses to the allegations of Paragraphs 1-46.

48.     Premier admits the allegations of Paragraph 48.

49.     Premier admits that the Kontrol Tower may be provided as a feature of its current Kamado Joe grill products. Premier denies the remaining allegations of Paragraph 49.

50.     Premier denies the allegations of Paragraph 50.

51.     Premier denies the allegations of Paragraph 51.

52.     Premier denies the allegations of Paragraph 52.

53.     Premier denies the allegations of Paragraph 53.

54.     Premier denies the allegations of Paragraph 54.

55.     Premier denies the allegations of Paragraph 55.

56.     Premier denies the allegations of Paragraph 56.

57.     Premier denies all other allegations of the Complaint not expressly herein admitted.

58.     Premier denies that Plaintiff is entitled to any relief, and specifically denies that it is entitled to the relief requested in its Prayer for Relief, including in subparagraphs A-F.

## JURY DEMAND

Under Federal Rule of Civil Procedure 38, Premier requests a jury trial on all issues so triable.

**WHEREFORE**, Premier respectfully requests that the Court: (1) dismiss Plaintiff's Complaint with prejudice; (2) award Premier its costs and attorneys' fees incurred in responding to Plaintiff's Complaint; and (3) enter such other and further relief as it deems just and proper under the circumstances.

Respectfully submitted, this 20th day of December, 2019.

          **MILLER & MARTIN PLLC**

By: */s/ Eileen H. Rumfelt*
    Eileen H. Rumfelt
    Georgia Bar No. 040608
    William P. Eiselstein
    Georgia Bar No. 242798
    Charles Forlidas
    Georgia Bar No. 269398
    1180 West Peachtree Street NW
    Suite 2100
    Atlanta, Georgia 30309
    Phone: (404) 962-6100
    Fax: (404) 962-6300
    eileen.rumfelt@millermartin.com
    billy.eiselstein@millermartin.com
    charles.forlidas@millermartin.com

*Counsel for Premier Specialty Brands, LLC*

- 11 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the below date I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

This 20th day of December, 2019.

                                By:    */s/ Eileen H. Rumfelt*
                                             Eileen H. Rumfelt
                                             Georgia Bar No. 040608